# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA


E-filing

In the Matter of the Complaint of
Tutor-Saliba/Koch/Tidewater Jv

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: C 07 6408 CRB

v.

For Exoneration from or Limitation of
Liability

TO:

See above

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Max L. Kelley, Esq.
Cox, Wootton, Griffin, Hansen & Poulos, LLP
190 The Embarcadero
San Francisco, California 94105

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**RICHARD W. WIEKING**

DEC 19 2007

CLERK                                                      DATE

**ANNA SPRINKLES**

(BY) DEPUTY CLERK

1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS, LLP**
2  Richard C. Wootton (SBN 88390)
   Max L. Kelley (SBN 205943)
3  190 The Embarcadero
   San Francisco, California 94105
4  Telephone No.: (415) 438-4600
   Facsimile No.: (415) 438-4601
5
   Attorneys for Plaintiff,
6  TUTOR-SALIBA/KOCH/TIDEWATER JV

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Complaint of        ) Case No.:  6408
                                         )
TUTOR-SALIBA/KOCH/TIDEWATER JV,          ) **COMPLAINT FOR**
                                         ) **EXONERATION OR LIMITATION**
         Plaintiff,                      ) **OF LIABILITY**
                                         )
For Exoneration from or Limitation of    ) **(ADMIRALTY AND MARITIME**
Liability.                               ) **CLAIM)**
                                         ) **[FRCP SUPP. RULE F]**
                                         )
_____)

   To the Honorable Judge of the United States District Court for the Northern District of California:

   The Complaint of TUTOR-SALIBA/KOCH/TIDEWATER JV ("Joint Venture") as Owner *pro hac vice* of the barge EM 1169 ("the Barge"), hereby seeks exoneration from or limitation of liability, and respectfully alleges upon information and belief as follows:

   1.   This is an action for exoneration from or limitation of liability pursuant to 46 U.S.C. §183 *et. seq.*[1] and is an admiralty and maritime claim within the meaning of Rule 9(h), of the Federal Rules of Civil Procedure, and is within the admiralty and maritime jurisdiction of this Court.

   2.   Plaintiff is a joint venture formed under the laws of the State of California, having its principal place of business in the State of California, and was at all times

---
[1] (recently re-codified at 46 USC §§ 30501 *et. seq.* in October 2006)

-1-                                          Case No.: C _____
LIMITATION COMPLAINT

hereinafter mentioned the owner *pro hac vice* of the Barge and the *PEGASUS*.

3. At all times hereinafter mentioned, the said Barge, being a deck barge designated "EM 1169" and being approximately 178 feet in length, 50 feet in beam and 12 feet in depth, was and is located in the San Francisco Bay within the Northern District of California.

4. At all times material herein, plaintiff exercised due diligence to make the Barge seaworthy and safe and said vessel was, up and until the time of the occurrence described below, staunch, tight, strong, properly manned, equipped and supplied and in all respects seaworthy and fit for operation and the service for which it was engaged on the San Francisco Bay.

5. On or about May 16, 2005, the Barge was located on the San Francisco Bay, within the Northern District of California. At that time, Richard Warnecke was working aboard the Barge and allegedly suffered injuries related thereto.

7. Plaintiff believes and therefore alleges that the net value of the Barge on July May 16, 2005, immediately after the incident, did not exceed five hundred and twenty-five thousand and 00/100 dollars ($525,000.00). There was no freight earned or pending at the time of said incident. Thus, the total value of the interest of plaintiff in the vessel following the incident did not and does not exceed five hundred and twenty-five thousand and 00/100 dollars ($525,000.00), which value is very substantially less than the amounts of the claims that plaintiff anticipates will be brought.

8. Plaintiff is informed and believes and on that basis alleges that the damages which may be complained of by any claimant(s), if any there are, were either wholly, or in part directly and proximately caused by the negligence of persons or entities other than plaintiff, and said negligence is either imputed to claimant(s) by reason of the relationship between claimant(s) and the said persons or entities, or comparatively reduces the proportion of negligence or corresponding liability of plaintiff.

9. Plaintiff is informed and believes that the claimant(s) named above herein were themselves negligent in and about the matters alleged in any claims or actions, and

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

IMU.Warnecke

-2-                                Case No.: C_____

LIMITATION COMPLAINT

that said negligence contributed directly and proximately to the happening of the accident and damages, if any, that may be alleged.

10. Plaintiff denies that it is liable for any loss, damage or injuries allegedly done, occasioned or occurred during or by reason of said operation of the Barge and plaintiff desires to contest any claims against it. Without admitting that plaintiff is liable for any losses, damage or injuries allegedly done, occasioned or incurred during or by reason of said operation of said Barge and reserving the right to contest liability in this or any other court, plaintiff hereby claims the benefit of limitation of liability provided by Title 46 U.S.C. Sections 183 *et seq.*, inclusive, and all Acts amendatory thereof and supplementary thereto, whether named herein or not. Plaintiff also hereby claims the benefit of all statutes and acts of the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners and owners *pro hac vice*. Plaintiff alleges it is entitled to have its liability in connection with or arising out of said incident, if any, limited to the value of its interest in said Barge.

11. Plaintiff is ready and willing to file, when and if ordered, a stipulation with good and efficient surety for the payment into the Court of the value of plaintiff's interest in the Barge.

12. Not more than six months have lapsed since the date plaintiff received written notice of any aforesaid claim.

13. All and each of these premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That this Court enter an Order directing on the giving of such stipulation as may be determined to be proper or of an ad interim stipulation, an injunction shall issue restraining the prosecution of any and all suits, actions and proceedings already begun to recover for damages arising out of the aforesaid occurrence and further restraining the commencement or prosecution hereafter of any suit, action or legal proceeding of any nature or description whatsoever except in the present proceeding against plaintiff or against

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

1. the Barge in respect of any claim or claims arising out of the aforesaid occurrence;

2. That this Court in this proceeding adjudge that the plaintiff is not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the aforesaid occurrence;

3. If plaintiff shall be adjudged liable, then such liability be limited to the amount of the value of the interest of plaintiff in the Barge; that the monies surrendered, paid or secured to be paid as aforesaid, be divided pro rata among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging the plaintiff and the Barge from any and all further liability.

4. That the plaintiff may have such other and further relief as this Honorable Court may deem just and proper.

Dated: December 19, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff,
TUTOR-SALIBA/KOCH/TIDEWATER JV

By: _____
Max L. Kelley

LIMITATION COMPLAINT

-4-

Case No.: C _____