# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN
GREGORY W. POULOS
FREDERICK J. CARR
*ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA 94105
TELEPHONE (415) 438-4600 • FACSIMILE (415) 438-4601
www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
COURTNEY M. CRAWFORD
MAX L. KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER

March 21, 2008

**_VIA Hand Delivery and E-filing_**

The Honorable Charles R. Breyer
U.S. District Court
Northern District of California
Courtroom 8, 19th Floor
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

        Case Name:  In Re Limitation Petition of *Tutor-Saliba/Koch/Tidewater JV*
        Court/Case:  U.S.D.C. (N.D. Cal.) No. C07-6408 CRB
        Our Ref.:    IMU.Warnecke/2364

Your Honor,

      Both parties write this joint letter to bring a procedural issue to the Court's attention. We do so in anticipation of the Case Management Conference Scheduled for next Friday, March 28, 2008.

      This action arises out of a personal injury action suffered by an employee of the defendant Tutor-Saliba/Koch/Tidewater joint venture during the retrofit of the Richmond San Rafael Bridge in May, 2005. Mr. Warnecke has filed a personal injury action in state court. The Joint Venture then brought this limitation petition pursuant to the Limitation of Liability Act, 46 U.S.C. sections 30501 *et seq.* (formerly §§ 183 *et seq.*). (The Limitation Act permits a vessel owner, under certain circumstances, to limit its liability to the value of the vessel and its freight at the time of the accident.)

      The Limitation Act provides that in cases like this, where there is only one "claimant" to the limitation fund (*i.e.*, the value of the vessel), the claimant is entitled to pursue his case first in state court. That's what we hope and expect to happen here. The trial date is set in that case for December 1, 2008. However, in order to preserve our right to seek limitation should that case result in a judgment in excess of the limitation fund, we needed to file this case, which we hope will be stayed pending resolution of the state court action. Should that case settle, or should the state court trial result in a verdict

Honorable Charles R. Breyer
March 21, 2008
Page 2

which obviates the need to seek limitation, which we think likely, we would then simply dismiss the limitation petition.

    Our problem is simply a procedural one. In order to return to state court, we intend to request that this Court to first enter a "monition" and injunction staying the state court case, then approve our stipulation to return to state court while staying this action to allow us to proceed in state court. Otherwise, we'll be litigating simultaneously in two different forums. (This procedure is consistent with applicable federal maritime law.)

    When we filed our Limitation Petition here, your Honor denied our request for a monition and stay of the state court action. While no explanation was given, we suspect that it was because we did not file security for the value of the vessel and pending freight. We have represented to claimant's counsel that if Your Honor will agree to our proposed procedural plan, that when, and if, this proceeding resumes following the resolution of the state court case, defendant will deposit into this Court the appropriate security for the value of the vessel at issue, plus costs per Admir. L.R. 5-1 or otherwise comply with the Court's requirements to satisfy its obligations under the Vessel Owner's Limitation Act, and Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims Rule F.

    Claimant's counsel has agreed to accept the representation of defendant's counsel in this regard and the parties will so stipulate and present their written agreement to the Court for approval. In requesting this relief, the parties hope to avoid unnecessary motion practice where, in the interests of efficiency, the Court may deem to approve the parties' request.

    We thank your for your consideration of this matter and would be happy to make ourselves available to discuss this matter with you via teleconference before the upcoming CMC.

    Regards,

    /s/ RWootton
    Richard C. Wootton
    COX, WOOTTON, GRIFFIN,
    HANSEN & POULOS, LLP
    Counsel for Defendant Tutor-Saliba/
    Koch/Tidewater JV

/s/
_____
Christopher A. Viadro
The VEEN FIRM
Counsel for Claimant Richard Warnecke