COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Richard C. Wootton (SBN 88390)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, California 94105
Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601

Attorneys for Plaintiff
TUTOR-SALIBA/KOCH/TIDEWATER JV

WILLIAM L. VEEN, NO. 043150
JAMES G. BUTLER, JR., NO. 135320
CHRISTOPHER A. VIADRO, NO. 160260
JUDY A. GRAZIANO, NO. 205926
**THE VEEN FIRM**
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102
Telephone: (415) 673-4800
Facsimile: (415) 771-5845

Attorneys for Claimant
RICHARD WARNECKE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of<br><br>TUTOR-SALIBA/KOCH/TIDEWATER JV<br><br>Plaintiff,<br><br>For Exoneration From or Limitation of Liability, | Case No.: C07-6408 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>**Case Management Conference**<br>Date: March 28, 2008<br>Time: 8:30 a.m.<br>Courtroom 8, 19th Floor<br>Hon. Charles R. Breyer |

Pursuant to the Standing Order for All Judges of the Northern District of California, the parties to the above-entitled action jointly submit this Case Management Statement:

-1-

Case No.: C07-6408 CRB

1. <u>Jurisdiction and Service.</u> The parties allege that subject matter jurisdiction in this case is based on admiralty and maritime jurisdiction within Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

The only known claimant, Richard Warnecke, has been properly served with the summons and complaint.

2. <u>Facts.</u>

   a. <u>Chronology.</u> This limitation action arises from a maritime personal injury lawsuit filed by Richard Warnecke in San Francisco Superior Court, Case No. CGC-07-463337, on May 11, 2007 for alleged injuries arising out of a work-related incident on May 16, 2005 while he was employed by Plaintiff-in-Limitation TUTOR-SALIBA/KOCH/TIDEWATER JV (the "plaintiff" or "JV"). The JV subsequently filed this limitation action on December 19, 2007. At that time the JV also filed its Request for an Injunction and Monition, which was denied on February 11, 2008. On January 22, 2008, Richard Warnecke filed his claim in this action.

   b. <u>Principal Factual Issues in Dispute.</u>
      i. Whether plaintiff is entitled to exoneration from, or limitation of, liability for damages arising from claimant's alleged 2005 work-related accident;
      ii. The value of the barge involved in the alleged 2005 accident; and
      iii. The amount of damages, if any, claimant has suffered;

3. <u>Legal Issues.</u>
   i. Whether plaintiff is entitled to exoneration from, or limitation of, liability for damages arising from claimant's alleged 2005 work-related accident.

4. <u>Motions and other procedural issues.</u>

   a. <u>Issuance of Monition and Injunction.</u>

The parties intend to jointly request, by way of stipulation, that the Court issue the monition and injunction contemplated in § 30511 (c) of the Vessels Owner Limitation Act,

///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

IMU.Warnecke/2365

1  46 U.S.C. § 30501 *et. seq.* and Supplemental Rule F(3). If necessary, plaintiff will be
2  prepared to file a motion requesting such relief.

        b.    <u>Stipulation Preserving Plaintiff's Exoneration/Limitation Rights and Abating This Action</u>

If and when the Court issues an Order enjoining Claimant's state court case, the parties intend to submit a further stipulation to allow the state court action to proceed, based on the "single claimant" exception (*see, Langnes v. Green* (1931) 282 U.S. 531), while preserving plaintiff's rights under the Act and abating this action until the state court action is resolved.

5.    <u>Amendment of Pleadings</u>. At this time, the parties do not intend to amend their pleadings.

6.    <u>Evidence Preservation</u>. The parties have been advised that they must preserve electronic and written evidence relevant to the issues in this case. To date, in the state court case the parties have completed their initial written discovery and have addressed such issues. The parties do not expect that there will be much, if any, electronic evidence in this case.

7.    <u>Disclosures</u>. The parties have submitted a stipulation staying their exchange of initial disclosures under F.R.C.P. Rule 26 in anticipation that this action will be abated, as discussed above. If and when this action is reinstated upon resolution of the state court case, the parties will exchange initial disclosures as directed by the Court at that time.

8.    <u>Discovery</u>. No formal discovery has been initiated in this action. In the claimant's state court action, however, the parties have completed their initial written discovery, the claimant has been deposed, and the defendant's deposition is being scheduled for the week of April 14, 2008.

9.    <u>Class Actions</u>. N/A.

10.    <u>Related Cases</u>. This case is directly related to Claimant Richard Warnecke's maritime personal injury action in San Francisco Superior Court, Case No. CGC-07-463337, filed May 11, 2007.

 11.   Relief.

     a.   Plaintiff. Plaintiff seeks exoneration from, or limitation of, its liability for any damages claimed by Richard Warnecke arising from an alleged work-related accident on May 16, 2005.

 12.   Settlement and ADR. The parties are in the process of scheduling a full-day mediation of the state court case with Jerry Spolter of JAMS for June or July 2008. As this case is expected to be abated, it is not ripe for ADR. Plaintiff filed its ADR Certification on March 18, 2007. Plaintiff will comply with ADR L.R. 3-5 forthwith.

 13.   Consent to Magistrate Judge. The parties will not consent to refer trial and entry of judgment to a magistrate judge, but will consent to discovery issues being referred to a magistrate judge.

 14.   Other References. N/A

 15.   Narrowing of the Issues. The parties will endeavor to narrow the issues by stipulation prior to trial.

 16.   Expedited Schedule. The parties see no need for an expedited schedule.

 17.   Scheduling.

     a.   Designation of Experts. The parties propose that the experts be designated no less than 90 days prior to the designated trial date.

     b.   Close of Discovery. The parties propose that the close of discovery occur no less than 60 days prior to the designated trial date.

     c.   Dispositive Motions. The parties propose that all dispositive motions be filed no less than 45 days prior to trial.

     d.   Pretrial Conference. The parties propose that the pretrial conference be held 14 days before trial.

     e.   Trial Date. Due to expected abatement of this case, it is premature to consider a trial date.

 18.   Trial. The case will be tried to the court. The parties expect the trial to last three days.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

IMU.Warnecke/2365

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. Plaintiff filed a Certificate of Interested Entities or Persons on December 19, 2007, with its limitation complaint identifying the claimant.

20. <u>Other Matters</u>. N/A.

Dated: March 21, 2008

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendant TUTOR-SALIBA/
KOCH/TIDEWATER, JV


By: _____/S/_____
         Max L. Kelley

Dated: March 21, 2008

THE VEEN FIRM
Attorneys for Claimant
RICHARD WARNECKE


By: _____/S/_____
       Christopher A. Viadro


(PROPOSED) **CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated this ___ day of _____, 2008.

_____
WILLIAM H. ALSUP
U. S. DISTRICT COURT JUDGE